IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| IN RE: <br><br> LIONEL WEEKS, | Cause No. CV 15-87-GF-BMM-JTJ <br><br> ORDER |

On September 22, 2015, this action was filed by Lionel Weeks. He is seeking a writ of habeas corpus under 25 U.S.C. § 1301, et. seq., the Indian Civil Rights Act. (Doc. 1). Weeks is a federal prisoner proceeding pro se.

Section 1303 of the ICRA provides: "The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. The term "detention" in the statute must be interpreted similarly to the "in custody" requirement in other habeas contexts. *Moore v. Nelson*, 270 F. 3d 789, 791 (9th Cir. 2001). Therefore, an ICRA habeas petition is only proper when the petitioner is in tribal custody. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978).

It has also been held that a litigant must first exhaust tribal remedies before properly bringing a petition for writ of habeas corpus. *Selam v. Warm Springs Tribal Corr. Facility*, 134 F. 3d 948, 953-4 (9th Cir. 1998). Even if a federal court has jurisdiction over a claim, if the claim arises in Indian country, the court is "required to stay its hand until after the Tribal Court has had a full opportunity…

1

to rectify any errors it may have made." *National Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 857 (1985). " Unless the petitioner can establish that he is in custody and has exhausted tribal remedies, this Court is without jurisdiction to hear a petitioner's habeas claims.

Although it is unclear from his petition exactly when Weeks was taken into tribal custody, it appears that it was sometime in July of 2015. (*See* Doc. 1, dated 7/18/15). Subsequently, Weeks was taken into federal custody in conjunction with Case Number 4:15-cr-00050-BMM-1. Weeks was arraigned on August 26, 2015, by U.S. Magistrate Johnston. (*See* 4:15-cr-00050-BMM-1, Doc. 5). Weeks filed a motion to change his plea in the criminal case on September 25, 2015. (Doc. 19). It is undisputed that Weeks is now in federal custody, not tribal custody. Accordingly, he is unable to establish the requisite tribal detention to support his petition. His claims are now moot.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED.

DATED this 29th day of September, 2015.

Brian Morris
United States District Court Judge